30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terence SCHESKE, Plaintiff-Appellant,
v.
The KIRSCH DIVISION OF COOPER INDUSTRIES, INC., an Ohio
Corporation, Defendant-Appellee.
 No. 93-2404.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Terence Scheske appeals a district court judgment dismissing his employment discrimination suit that was removed from state court to federal court on the basis of diversity jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Scheske sued The Kirsch Division of Cooper Industries, Inc., an Ohio Corporation, alleging that the defendant violated state law by breaching its employment contract with him when he was terminated without just cause and that the defendant violated the Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Secs. 37.2101 et seq., because the defendant's decision to terminate him was based on his age.
 
 
 3
 After reviewing the defendant's motion for summary judgment and plaintiff's response, the district court granted summary judgment in favor of the defendant. Scheske has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Michigan courts have used federal law interpreting Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq., to decide cases brought under The Elliott-Larsen Civil Rights Act. Rabidue v. Osceola Refining Co., 805 F.2d 611, 617 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987), overruled in part by Harris v. Forklift Sys., Inc., 114 S.Ct. 367 (1993) (Title VII hostile work environment claim does not require concrete psychological injury). Here, Scheske is not entitled to relief because he did not meet his burden of proving employment discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-04 (1973). Even if we conclude that Scheske established a prima facie case of employment discrimination, the defendant met its burden of articulating a legitimate non-discriminatory reason for Scheske's termination by citing declining sales, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981), and Scheske failed to raise a genuine issue of material fact questioning whether he was terminated because of his age. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2748-50 (1993); Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 282 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992).
 
 
 5
 In addition, Scheske failed to establish that his employment relationship with the defendant was terminable only for just cause. Scheske failed to present evidence sufficient to show that a contract for "just cause" employment had been created either by an express agreement, oral or written, or as a result of his legitimate expectations grounded in the defendant's policy statements. See Lynas v. Maxwell Farms, 273 N.W. 315, 316 (Mich.1937); Manning v. City of Hazel Park, 509 N.W.2d 874, 877 (Mich.Ct.App.1993).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment.